**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MARKHAM,<br><br>             Plaintiff,<br><br>      v.<br><br>A. PRASAD, et al.,<br><br>             Defendants. | No.  2:21-CV-0996-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint.  See ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4 impossible for the Court to conduct the screening required by law when the allegations are vague
5 and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) A. Prasad, a Registered Nurse at the California Health Care Facility (CHCF); (2) R. Singh, a Doctor at CHCF; and (3) S. Gates, the Health Care Appeals Coordinator at CHCF.  See ECF No. 1, pg. 2.  Plaintiff alleges that he has been denied adequate medical care, in violation of the Eighth Amendment.

According to Plaintiff, a doctor with a Bakersfield, California, neuroscience and spine institute has recommended Plaintiff "for necessity of surgery."  Id. at 3.  Plaintiff states this surgery has been approved by the California Department of Corrections and Rehabilitation (CDCR).  See id.  Plaintiff states the surgery never happened and his Parkinson's symptoms have worsened as a result.  See id.

Plaintiff alleges he eventually filed an administrative appeal concerning the delayed surgery.  See id. at 3-4.  Plaintiff states he was interviewed by Defendant Prasad in connection with this appeal.  See id. at 4.  Plaintiff claims this was improper because Prasad is a nurse and not a doctor.  See id.  More specifically, he claims Prasad should not be in a position to override the Bakersfield doctor's recommendation, which was approved by CDCR.  See id.  Plaintiff states that Prasad merely ordered physical therapy, which he claims was in disregard of the needed surgery.  See id.

Plaintiff alleges the surgery "was delayed and eventually forgotten."  Id. at 5.  According to Plaintiff, Defendant Singh is liable for having allowed Prasad to write "orders" overriding a doctor's recommendation.  See id.  Plaintiff states that Defendant Singh "never once ever examined the Plaintiff and chose to deny intervention allowing Plaintiff to suffer. . . ."  Id. at 6.

Plaintiff states that Defendant Gates is the appeals coordinator and not a doctor. See id. Plaintiff claims that, despite being untrained in medicine, Gates denied him the recommended surgery. See id. at 6-7.

## II. DISCUSSION

The Court finds Plaintiff's complaint sufficiently alleges cognizable Eighth Amendment claims against Defendants Prasad and Singh based on denial of surgery. The Court, however, finds Plaintiff's allegations against Defendant Gates related to processing his inmate appeal do not state a cognizable claim.

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

/ / /

/ / /

Plaintiff will be provided an opportunity to amend his complaint to state additional facts relating to his claim against Defendant Gates.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 24, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE