IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARKHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>A. PRASAD, et al.,<br><br>    Defendants. | No. 2:21-CV-0996-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 12.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6        On August 24, 2021, the Court issued an order addressing the sufficiency of

7  Plaintiff's complaint.  See ECF No. 11.  The Court concluded that Plaintiff's complaint states

8  cognizable Eighth Amendment claims against Defendants Prasad and Singh based on denial of

9  surgery.  See id. at 4.  However, the Court also found defects in Plaintiff's complaint as to

10 Defendant Gates and provided Plaintiff leave to amend to cure the defects.  See id.  Instead of

11 addressing the defects of his original complaint as to Defendant Gates, Plaintiff merely

12 resubmitted a copy of his original complaint (without exhibits attached to the original complaint).

13 Compare ECF Nos. 1 and 11.  By separate order issued herewith, the Court directs service on

14 Defendants Prasad and Singh.  The Court now recommends dismissed of Defendant Gates for

15 failure to state a claim, as explained in the original screening order.

16       Given that it does not appear possible that the deficiencies identified herein can be

17 cured by amending the complaint, either because Plaintiff is unable or unwilling to do so, Plaintiff

18 is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203

19 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Based on the foregoing, the undersigned recommends that Gates be dismissed as a defendant to this action for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE